1 | JAMES J. JOSEPH (State Bar No. 053840)
kvalbuena@dgdk.com
2 | 2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
3 | Telephone:  (310) 277-0077
Facsimile:  (310) 277-5735
4 |
Chapter 7 Trustee
5 |
6 |
7 |
8 | **UNITED STATES BANKRUPTCY COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**
10 | **SANTA ANA DIVISION**
11 | In re                                                ) Case No. 8:09-bk-14743-ES
                                                       )
12 | BRUCE W. FISSETTE,                            ) Chapter 7
                                                       )
13 |            Debtor.                               ) **CHAPTER 7 TRUSTEE'S MOTION FOR**
                                                       ) **ORDER APPROVING: (1) SALE OF**
14 |                                                    ) **REAL PROPERTY (18162 BUENA**
                                                       ) **VISTA AVENUE, YORBA LINDA,**
15 |                                                    ) **CALIFORNIA, APN 343-291-07);**
                                                       ) **(2) OVERBID PROCEDURE; (3) FOR**
16 |                                                    ) **COMPENSATION OF REAL ESTATE**
                                                       ) **AGENT; (4) DISTRIBUTION OF**
17 |                                                    ) **SALE PROCEEDS; AND (5) FOR**
                                                       ) **GOOD FAITH FINDING;**
18 |                                                    ) **DECLARATION OF JAMES J. JOSEPH**
                                                       )
19 |                                                    ) Date: February 1, 2011
                                                       ) Time: 10:30 a.m.
20 |                                                    ) Ctrm: 5A
                                                       )        411 W. Fourth Street
21 | _____ )        Santa Ana, California
22 |       TO THE HONORABLE ERITHE A. SMITH, UNITED STATES
23 | BANKRUPTCY JUDGE; THE DEBTOR; THE DEBTOR'S ATTORNEY; THE
24 | OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED
25 | PARTIES:
26 | ///
27 | ///
28 | ///

363205.01 [XP] 0914743S

INTRODUCTION

1.    This case was commenced by the filing of a voluntary Chapter 7 petition by Bruce W. Fissette on October 16, 2009 and James J. Joseph ("Trustee") is the duly appointed, qualified and acting Trustee in the case.

2.    Among the assets of this estate is the real property ("Real Property") described below and it is necessary and appropriate that it be sold to pay claims of creditors of this estate.

REAL PROPERTY TO BE SOLD

3.    The Real Property which is the subject of this motion is commonly known as 18162 Buena Vista Avenue, Yorba Linda, California, and is legally described as follows:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF YORBA LINDA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:
>
> THE WEST 100 FEET OF THAT PORTION OF LOT 2 AND THE STREETS ADJOINING IN BLOCK 29 OF YORBA LINDA TRACT, IN THE CITY OF YORBA LINDA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 5, PAGES 17 AND 18 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE INTERSECTION OF THE CENTER LINE OF THOSE 50 FOOT STREETS ADJOINING SAID LOT 2 ON THE NORTH AND EAST AS SAID STREETS ARE SHOWN ON THE MAP OF SAID YORBA LINDA TRACT AND RUNNING THENCE SOUTHERLY ALONG THE CENTER LINE OF SAID STREET ADJOINING SAID LOT ON THE EAST, 158.26 FEET; THENCE WESTERLY 550.49 FEET TO A POINT IN THE WESTERLY LINE OF SAID LOT, SAID POINT BEING DISTANT SOUTHERLY, MEASURED ALONG SAID WESTERLY LINE 158.26 FEET FROM THE INTERSECTION OF THE NORTHERLY EXTENSION OF SAID WESTERLY LINE AND SAID CENTER LINE OF THE 50 FOOT STREET ADJOINING SAID LOT ON THE NORTH; THENCE NORTHERLY, ALONG WESTERLY LINE AND ITS NORTHERLY EXTENSION, 158.26 FEET TO THE CENTER LINE OF THE 50

2

363205.01 [XP] 0914743S

FOOT STREET ADJOINING SAID LOT ON THE NORTH; THENCE EASTERLY ALONG SAID CENTER LINE, 550.40 FEET TO THE POINT OF BEGINNING;

EXCEPTING THEREFROM AN UNDIVIDED ONE-HALF INTEREST IN ALL MINERAL, OIL, OR OTHER HYDROCARBONS IN, ON, OR UNDER SAID LAND FOR A PERIOD OF 15 YEARS FROM MAY 27, 1954, AS RESERVED BY RALPH A. PHILLIPS, ET UX, IN DEED RECORDED JUNE 24, 1954 IN BOOK 2756, PAGE 272, OFFICIAL RECORDS.

ASSESSOR'S PARCEL NO. 343-291-07

4.    The Real Property is encumbered only by current property taxes and a claim of mechanic's lien which together do not appear to exceed the sum of $2,000.00

## THE PROPOSED SALE OF THE REAL PROPERTY

## IS FOR FAIR MARKET VALUE

5.    Subject to Court approval, the Trustee has accepted an offer from Boon Hoo Yee ("Buyer") to purchase the Real Property for the amount of $198,000.00.  A copy of the Purchase Contract, and Addendum are attached collectively to the declaration supporting this Motion as Exhibit "1" and is incorporated therein by reference.

6.    Fair market value for the Real Property, which is an unimproved lot, is being realized.  The Trustee's proposed real estate agent has reviewed comparable sales in the area and has advised that $198,000.00 is a fair market value.

## SALE TERMS

7.    The Trustee proposes to sell the Real Property to Buyer for the sum of $198,000.00 all cash to Trustee, as seller.  The

3

1  Buyer has deposited $19,800.00 with Trustee.  Exhibit "1" to

2  Trustee's declaration provides in pertinent part as follows:

3       a.    The Buyer acknowledges buying the Real Property as

4         is and where is without warranties of any kind, express

5         or implied, being given by the Trustee or his agents

6         concerning the condition of the Real Property;

7       b.    The Buyer is aware the offer is contingent upon

8         Bankruptcy Court approval;

9       c.    The Buyer has no contingencies in this transaction;

10        and

11       d.    Any and all disputes which involve in any manner

12         the bankruptcy estate or the Trustee arising from the

13         sale shall be resolved only in the United States

14         Bankruptcy Court.

15

16                THE OVERBID PROCEDURE

17    8.    In order to obtain the highest and best offer for the

18 benefit of the estate, the Trustee proposes that the foregoing

19 sale be subject to overbid.  Notice is being provided of the

20 opportunity for overbidding to all interested parties in this

21 matter.

22    9.    The Trustee requests that the Court approve the

23 following overbid procedure:

24       a.    Only Qualified Bidders may submit an overbid.  A

25 "Qualified Bidder" is one who provides a financial statement and

26 such business and banking references as are required in Trustee's

27 reasonable discretion, sufficient to assure Trustee of the

28 bidder's ability (based on availability of financing, experience

<center>4</center>

1  or other conditions) to consummate the purchase of the Real

2  Property, AND one who can consummate the purchase of the Real

3  Property on the same terms and conditions, other than price, as

4  those proposed in the Offer.

5        b.   The initial overbid must be $208,000.00.   Each

6  subsequent bid will be in increments announced by Trustee at time

7  of hearing.

8        c.   Each bid must be all cash, non-contingent, and on

9  the same terms and conditions, other than price, as those proposed

10  in Exhibit "1".

11        d.   An "earnest money" deposit of $10,000.00 must be

12  made.   Said deposit must be received by the Trustee by no later

13  than three (3) business days prior to the hearing on this Motion.

14  Said deposit must be in cash, cashier's check, certified check or

15  irrevocable letter of credit, and must be deposited with the

16  Trustee so that the Trustee will have access to said funds no

17  later than three (3) business days prior to the hearing on this

18  Motion.

19     10.   The foregoing procedures will provide for an orderly

20  completion of the sale of the Real Property by permitting all

21  bidders to compete on similar terms, and will allow interested

22  parties and the Court to compare competing bids in order to

23  realize the highest benefit for the estate.

24

25              PROPOSED COMPENSATION FOR REAL ESTATE AGENT

26     11.   The Trustee is seeking the employment of Clarence

27  Yoshikane – Prudential California Realty as his Real Estate Agent

28  and anticipates that the application will be approved.   Mr.

363205.01 [XP] 0914743S

1  Yoshikane obtained the offer in Exhibit "1" prior to the hearing

2  on the instant Motion.

3      12.   Through this Motion, the Trustee seeks authorization to

4  pay a real estate agent commission to the said Agent, in the

5  amount of six percent (6%) of the sale price or applicable

6  overbid, only upon close of escrow.  The commission may be shared

7  with the agent representing the Buyer.

8

9                    BENEFIT TO THE ESTATE

10     13.   The sale of the Real Property is estimated to provide

11  the following proceeds:

12

| | Amount | Total |
|---|---|---|
| Sales Price | | $198,000.00 |
| Less: 7% costs of sale, including 6% real estate commissions | $13,860.00 | |
| Current real property taxes, mechanic's lien | $2,000.00 | |
| Total deductions | | $15,860.00 |
| **Net Proceeds** | | $182,140.00 |

20

21           PROPOSED DISTRIBUTION OF SALE PROCEEDS

22     14.   The Trustee seeks authority for distribution of sale

23  proceeds as follows:

24           a.   For regular closing costs, including cost of title

25  insurance.

26           b.   To the mechanic's lien claimant, pursuant to its

27  demand in escrow, and subject to the Trustee's review and approval

28  prior to distribution.

6

1          c.    Real property taxes.

2          d.    To the Trustee's Real Estate Agent, an amount of 6%

3 of the sale price, upon the close of escrow, which may be divided

4 with an agent representing Buyer.

5          e.    The remaining net proceeds to the Trustee.

6

7                **DETERMINATION OF GOOD FAITH PURCHASER**

8     15.   The Trustee further seeks an Order determining that the

9 proposed sale is in "good faith" within the context of 11 U.S.C.

10 Section 363(m), such that any appeal of the Order granting this

11 Motion, even if successful, will not affect the validity of the

12 sale unless a stay pending appeal is obtained.

13     16.   The proposed Buyer participated in the negotiation of

14 Exhibit "1". The Buyer is not an "insider" as that term is

15 defined in 11 U.S.C. Section 101(31), is not a relative or general

16 partner of the Debtor, nor is the Debtor a partner, director,

17 officer, or person in control of Buyer.

18     17.   There is no relationship between the Trustee and the

19 Buyer, and the Buyer is not an insider of the Trustee.  The

20 proposed sale is an arms-length transaction and is in good faith.

21 The Buyer has not communicated with any other potential purchasers

22 concerning prospective bids.

23     18.   Exhibit "1" reflects an arms-length transaction

24 negotiated in good faith between the parties.

25 ///

26 ///

27 ///

28 ///

                                7

1    WHEREFORE, the Trustee requests that the Court enter an

2  Order:

3    1.   Approving the sale of the Real Property commonly known

4  as 18162 Buena Vista Avenue, Yorba Linda, California to the

5  proposed Buyer pursuant to 11 U.S.C. Section 363, subject to

6  overbid;

7    2.   Approving the overbid procedures;

8    3.   Approving the compensation of the Trustee's Real Estate

9  Agent;

10    4.   Authorizing the distribution of the net proceeds as

11  proposed herein;

12    5.   Determining that the proposed sale is in "good faith"

13  pursuant to 11 U.S.C. Section 363(m);

14    6.   Authorizing the Trustee to sign any and all documents

15  necessary, and to undertake any non-material amendments and

16  modifications necessary, to complete the sale to the highest

17  qualified bidder without further notice, hearing or Court order;

18  and

19    7.   For such other and further orders as the Court deems

20  just and proper.

21  Dated:   December 28 2010     _____

22                                     James J. Joseph
                                       Chapter 7 Trustee
23

24

25

26

27

28

8

# DECLARATION

## DECLARATION OF JAMES J. JOSEPH

I, James J. Joseph, declare as follows:

1.    I am the Chapter 7 Trustee for the afore-captioned bankruptcy estate.  The facts contained herein are based upon information which I have acquired in my capacity as Trustee and upon my review of the pleadings, records and files in this matter, and are true and correct to the best of my knowledge, information and belief.

2.    I make this Declaration in support of my Motion for Order Approving: (1) Sale of Real Property (18162 Buena Vista Avenue, Yorba Linda, California, APN 343-291-07); (2) Overbid Procedure; (3) For Compensation of Real Estate Agent; (4) Distribution of Sale Proceeds; and (5) For Good Faith Finding (the "Motion").

3.    The Real Property which is the subject of the Motion is encumbered of record only by current real property taxes and a mechanic's lien which together total less than $2,000.00.

### THE PROPOSED SALE OF THE REAL PROPERTY

### IS FOR FAIR MARKET VALUE

4.    Subject to Court approval, I have accepted an offer from the Buyer set forth in the Motion to purchase the Real Property for the amount of $198,000.00.  A copy of the Purchase Contract, and Addendum are attached collectively hereto as Exhibit "1" and incorporated herein by reference.

5.    Fair market value for the Real Property, which is an unimproved lot, is being realized.  My proposed real estate agent ///

9

363205.01 [XP] 0914743S

1  has reviewed comparable sales in the area and has advised that

2  $198,000.00 is a fair market value.

3

4                            SALE TERMS

5      6.   I propose to sell the Real Property to Buyer for the sum

6  of $198,000.00 all cash to me, as seller.  The Buyer has tendered

7  a deposit of $19,800.00.  Exhibit "1" provides in pertinent part

8  as follows:

9            a.   The Buyer acknowledges that buying the Real

10                Property as is and where is without warranties of any

11                kind, express or implied, being given by the Trustee or

12                his agents concerning the condition of the Real

13                Property;

14           b.   The Buyer is aware the offer is contingent upon

15                Bankruptcy Court approval;

16           c.   The Buyer has no contingencies in this transaction;

17                and

18           d.   Any and all disputes which involve in any manner

19                the bankruptcy estate or the Trustee arising from the

20                sale shall be resolved only in the United States

21                Bankruptcy Court.

22

23                       THE OVERBID PROCEDURE

24     7.   In order to obtain the highest and best offer for the

25  benefit of the creditors of the estate, I propose that the

26  foregoing sale be subject to overbid.  Notice is being provided of

27  the opportunity for overbidding to all interested parties in this

28  matter.

                                  10

1    8.    I request that the Court approve the following overbid

2 procedure:

3        a.    Only Qualified Bidders may submit an overbid.    A

4 "Qualified Bidder" is one who provides a financial statement and

5 such business and banking references as are required in Trustee's

6 reasonable discretion, sufficient to assure Trustee of the

7 bidder's ability (based on availability of financing, experience

8 or other conditions) to consummate the purchase of the Real

9 Property, AND one who can consummate the purchase of the Real

10 Property on the same terms and conditions, other than price, as

11 those proposed in the Offer.

12        b.    The initial overbid must be $208,000.00.    Each

13 subsequent bid will be set by Trustee at hearing.

14        c.    Each bid must be all cash, non-contingent, and on

15 the same terms and conditions, other than price, as those proposed

16 in Exhibit "1".

17        d.    Each bidder must match all terms and conditions of

18 the Exhibit "1".    An "earnest money" deposit of $10,000 must be

19 made.    Said deposit must be received by the Trustee by no later

20 than three (3) business days prior to the hearing on this Motion.

21 Said deposit must be in cash, cashier's check, certified check or

22 irrevocable letter of credit, and must be deposited with the

23 Trustee so that the Trustee will have access to said funds no

24 later than three (3) business days prior to the hearing on this

25 Motion.

26    9.    The foregoing procedures will provide for an orderly

27 completion of the sale of the Real Property by permitting all

28 bidders to compete on similar terms, and will allow interested

11

1 parties and the Court to compare competing bids in order to

2 realize the highest benefit for the estate.

3

4 <center>PROPOSED COMPENSATION FOR REAL ESTATE AGENT</center>

5     10.   I am seeking the employment of Clarence Yoshikane –

6 Prudential California Realty as my Real Estate Agent and

7 anticipate that the application will be approved.  Mr. Yoshikane

8 submitted the offer in Exhibit "1" prior to the hearing on the

9 instant Motion.

10     11.   Through this Motion, I seek authorization to pay a real

11 estate commission to my Real Estate Agent, in the amount of six

12 percent (6%) of the Sale price or applicable overbid, only upon

13 close of escrow, which commission may be shared with Buyer's

14 agent.

15

16 <center>BENEFIT TO THE ESTATE</center>

17     12.   The sale of the Real Property is estimated to provide

18 the following proceeds:

19

| | Amount | Total |
|---|---|---|
| Sales Price | | $198,000.00 |
| Less: 7% costs of sale, including 6% real estate commissions | $13,860.00 | |
| Current real property taxes, mechanic's lien | $2,000.00 | |
| Total deductions | | $15,860.00 |
| **Net Proceeds** | | $182,140.00 |

27

28

<center>12</center>

363205.01 [XP] 0914743S

1    PROPOSED DISTRIBUTION OF SALE PROCEEDS

2        13.   I seek authority for distribution of sale proceeds as

3    follows:

4            a.   For regular closing costs, including cost of title

5    insurance.

6            b.   To the mechanic's lien, pursuant to its demand in

7    escrow, and subject to the Trustee's review and approval prior to

8    distribution.

9            c.   Real property taxes.

10           d.   To the Trustee's Real Estate Agent, an amount of 6%

11   of the sale price, upon the close of escrow, which may be shared

12   with Buyer's agent.

13           e.   The remaining net proceeds to the Trustee.

14

15              **DETERMINATION OF GOOD FAITH PURCHASER**

16       14.   I further seek an Order determining that the proposed

17   sale is in "good faith" within the context of 11 U.S.C. Section

18   363(m), such that any appeal of the Order granting this Motion,

19   even if successful, will not affect the validity of the sale

20   unless a stay pending appeal is obtained.

21       15.   My investigation has revealed that the proposed Buyer

22   participated in the negotiation of Exhibit "1".  The Buyer is not

23   an "insider" as that term is defined in 11 U.S.C. Section 101(31),

24   is not a relative or general partner of the Debtor, nor is the

25   Debtor a partner, director, officer, or person in control of

26   Buyer.

27       16.   There is no relationship between me and the Buyer, and

28   the Buyer is not an insider of me.  The proposed sale is an arms-

13

1   length transaction and is in good faith.  Buyer has not

2   communicated with any other persons concerning possible bids for

3   the Real Property.

4        17.   Exhibit "1" reflects an arms-length transaction

5   negotiated in good faith between the parties.

6        I declare under penalty of perjury that the foregoing is

7   true and correct and that this Declaration was executed on

8   December 14, 2010, at Los Angeles, California.

9

10

11   _____
     James J. Joseph

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

363205.01 [XP] 0914743S

EXHIBIT "1"

CALIFORNIA
ASSOCIATION
OF REALTORS

To the court-appointed representative of the estate, conservatorship, or guardianship identified by the Superior Court case name as _James J. Joseph_ Chapter 7, Bankruptcy Trustee("Seller"), this is an offer from
_Boon Hoo Yee_ ("Buyer"), for the purchase of real
property situated in: _Yorba Linda_, County of _Orange_, California, desribed
as _18168 Buena Vista_ ("Property"), together with any personal property included in the sale under paragraph 21.
PARCEL NUMBER: _343-291-07_ ("Property"), together with any personal property included in the sale under paragraph 21.

1.  **PROBATE SALE:** ~~The Property is sold subject to the requirements of the California Probate Code and court rules.~~ The Property is sold "AS
    IS," in its present condition as of the time of acceptance of the offer, without warranty as to condition, zoning, permitted use of the Property,
    or any other matter, unless otherwise agreed in writing.

2.  **PURCHASE PRICE:** The sum of _One Hundred And Ninety Eight thousand_ Dollars ($ _198,000_)
    in cash. Other credit or financing terms: _____

3.  **BUYER'S INITIAL DEPOSIT:** Buyer has deposited ... _(10% of purchase price)_ .................. $ _19,800_
    PAYABLE TO _____, Trustee
    ☒ the representative of the Estate, ☐ the Estate, ☐ Escrow Holder, ☐ Broker's trust account, or ☒ _Trustee_,
    by Personal Check (or, if checked:) ☒ Cashier's Check, ☐ Cash, or ☐ _____
    TO BE HELD UNCASHED until the next business day after acceptance of the offer, or ☒ _Deposited with_
    _Trustee at time offer is presented. Refundable only if overbid is accepted_

4.  **BUYER'S INCREASED DEPOSIT:** Buyer shall deposit, within _____ days from acceptance of the offer .......... _by court._

5.  **BALANCE OF PURCHASE PRICE** to be paid as follows: _Cash at close of escrow._
    _____ $ _178,200_

6.  **ALLOCATION OF COSTS:** Costs shall be paid as follows (check boxes which apply):
    **CLOSING COSTS:**
    A.  ☒ Buyer, ☒ Seller, to pay Escrow fee. _Each pays own fees_ Escrow Holder shall be _Seller choice._
    B.  ☐ Buyer, ☒ Seller, to pay Owner's Title Insurance policy. (☐ CLTA or ☒ ALTA-R). _Seller choice._
        To be provided by _Seller choice._ _____ company.
    C.  ☒ Buyer, ☐ Seller, to pay Lender's Title Insurance policy. _____
    D.  ☐ Buyer, ☒ Seller, to pay County property transfer tax or fee. _____
    E.  ☐ Buyer, ☒ Seller, to pay City property transfer tax or fee. _____
    F.  ☒ Buyer, ☒ Seller, to pay Homeowners' Association transfer fee of approximately $_____ _Split 50/50._
    G.  ☐ Buyer, ☒ Seller, to pay sub-escrow and reconveyance fees resulting from payoff of existing encumbrances. _____
    H.  ☐ Buyer, ☒ Seller, to pay for drawing and recording of the deed or other document of conveyance. _____
    **HOME WARRANTY COSTS:**
    I.  1.  ☐ Buyer, ~~Seller~~, shall pay the cost of a one-year home warranty plan, not to exceed $_____, to be issued by _____
            _____, with the following optional coverage: _____
    OR  2.  ☐ Buyer and Seller elect NOT to obtain this coverage.
        ~~FHA OR VA RELATED COSTS: (Applicable only if FHA or VA financing is indicated above.)~~
    J.  1.  Seller shall pay all related loan costs which Buyer is not permitted to pay by VA or FHA financing regulations, including loan origination
            fee, if required.
        2.  ☐ Buyer, ☐ Seller, shall pay VA funding fee, if applicable. _____
        3.  ☐ Buyer, ☐ Seller, shall pay for ~~lender~~ discount points, limited to _____ points. _____
        4.  If, based upon the completed lender's appraisal report, repair work is required, Seller shall pay for such work to a maximum amount
            of $_____. Buyer or Seller may cancel this transaction if Buyer is unwilling or unable to pay for costs of repair work
            ~~exceeding this limit.~~
    **PEST CONTROL COSTS:**
    K.  ☒ Structural pest control report and repair work is not a condition of this sale.
    ~~OR~~ ☐ Buyer, ☐ Seller, to pay for the Pest Control Report which shall be prepared by _____, a registered
        structural pest control company, covering the main building and attached structures and, if checked: ☐ detached garages or carports,
        ☐ decks, ☐ the following other structures on the Property: _____
        If the Property is a unit in a condominium, planned development, or residential stock cooperative, the Report shall cover only the separate
        interest and any exclusive-use areas being transferred and shall NOT cover common areas.
        1.  ☐ Buyer, ☐ Seller, to pay for work recommended to correct "Active Infestation," "Section 1" conditions.
        2.  ☐ Buyer, ☐ Seller, to pay for work recommended to correct "Preventative," "Section 2" conditions, if requested by Buyer.

    **PRORATIONS:**
    L.  1.  Real property taxes and assessments, interest, rents, Homeowners' Association regular dues and regular assessments, premiums on
            insurance assumed by Buyer, and payments on bonds and assessments assumed by Buyer, shall be PAID CURRENT and prorated
            between Buyer and Seller as of the date of close of escrow, (or ☐ _____).
        2.  Payments on Mello-Roos and other Special Assessment District bonds and assessments which are now a lien, and payments on
            Homeowners' Association special assessments which are now a lien, shall be PAID CURRENT and prorated between Buyer and Seller
            as of the date of close of escrow, with payments that are not yet due assumed by Buyer WITHOUT CREDIT toward the purchase price,
            (or ☐ _____).
        3.  The Property is subject to reassessment upon change of ownership. This will affect the taxes to be paid. Any supplemental tax
            bills shall be paid as follows: (1) for periods after close of escrow, by Buyer (or by final acquiring party, if part of an exchange), and (2)
            for periods prior to close of escrow, by Seller. Tax bills issued after close of escrow shall be handled directly between Buyer and Seller.
    M.  Other: _____

    Buyer and Seller acknowledge receipt of copy of this page, which constitutes Page 1 of _8_ Pages.
    Buyer's Initials ( _____ ) ( _____ )     Seller's Initials ( _JY_ ) ( _____ )

THIS STANDARDIZED DOCUMENT FOR USE IN A SIMPLE TRANSACTION...
SALE OF THE PROPERTY...
TRANSACTION. A REAL ESTATE BROKER...

The copyright laws of the United States (17 U.S. Code) forbid the unauthorized
reproduction of this form by any means including facsimile or computerized formats.
Copyright 1996, CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020
REVISED 2/96

┌─ OFFICE USE ONLY ─┐
Reviewed by Broker or Designee ____
Date ____

EQUAL HOUSING
OPPORTUNITY

BROKER'S COPY

EXHIBIT 1

15

Property Address: _1816.2 BUENA VISTA VL_    Dated: _12/15/10_ , 19___

7. **DETERMINATION OF COURT CONFIRMATION** (Check the option below that applies):

☒ A. **Court Confirmation Required:** The sale is contingent upon court confirmation. This allows for open, competitive bidding at the court confirmation. The minimum overbid price shall be an amount equal to the accepted purchase price, plus five percent of that amount, plus $500. The court shall determine any further incremental successive overbidding amounts. See paragraphs 8 and 9 for terms of court confirmation of the sale.

~~B. Court Confirmation Not Required: Court confirmation of the sale may not be required, subject to notice of the terms of the sale to beneficiaries/heirs of the estate. If a beneficiary/heir objects to the terms of sale, court confirmation of the sale shall be required. See paragraphs 8 and 9 for terms of court confirmation of the sale. Buyer shall have three days from receipt of notification of a beneficiary or heir's objection to elect to withdraw from the sale. If Buyer elects to withdraw deposit money held, less applicable costs.~~

___ C. **Court Confirmation Undetermined:** Seller shall inform Buyer at the time of acceptance of this offer, or as soon as practicable thereafter, if court confirmation is required. If court confirmation is required, the sale will proceed under paragraph 7A. If court confirmation is not required, ~~the sale shall proceed under paragraph 7B.~~

8. **WHEN COURT CONFIRMATION OF SALE IS REQUIRED:** Seller shall file a Petition to confirm the sale of the Property with the court. A court confirmation hearing is generally held approximately 30 to 45 days after the Petition is filed. Seller shall notify Buyer in writing of the court confirmation hearing date, time, and location. Broker strongly recommends that Buyer personally appear at the court confirmation hearing to protect Buyer's position in the event of overbidding.

~~California Probate Code may require a legal notice to be published in a local newspaper advertising the sale of the Property. If publication~~ is required, Buyer understands that Seller is unable to accept Buyer's offer until after the expiration of the period set forth in the published notice. ~~In such case, acceptance of this offer prior to publication is VOIDABLE.~~

If the court approves the sale to Buyer, all deposit money held on behalf of Seller shall be applied toward the purchase price. If the sale is not confirmed to Buyer due to an overbid, Buyer's deposit money, less applicable costs, shall be returned to Buyer. If the sale is confirmed by the court, an Order Confirming Sale to Buyer will be issued by the court. Buyer shall pay the balance of the purchase price within 10 (or ☐ _____) days from receipt of such Order by Escrow Holder or Buyer.

~~The purchase price offered must be at least 90 percent of the probate referee's appraised or re-appraised value of the Property, unless exempt by law. If the purchase price is less than 90 percent of the probate referee's appraised value, Buyer may increase the purchase price to the minimum amount required, or may withdraw from this transaction and receive a refund of Buyer's deposit, less applicable costs.~~

IF BUYER DEFAULTS AFTER COURT CONFIRMATION, ORDER CONFIRMING SALE MAY BE VACATED. THIS MAY RESULT IN BUYER'S FORFEITURE OF THE FULL DEPOSIT, OR ANY AMOUNT THE COURT MAY DETERMINE TO SATISFY ANY DEFICIENCY OF SALE PRICE, COSTS, OR OTHER LOSSES BY THE SELLER.

~~9. DELAYED FILING OF THE PETITION TO SET THE COURT SALE DATE: If this is a court-confirmed sale, Seller will cause the petition to be~~ filed with the court to confirm the sale when the contingencies checked below have been waived or removed by Buyer, or when the contingency periods have lapsed as indicated in the applicable paragraph: (Check boxes which apply):

A. ☐ Buyer's Investigation of Property Condition (paragraph 10).
B. ☐ Review Of A Preliminary Title Report (paragraph 11).
C. ☐ Financing Contingency (paragraph 12).
~~D. ☐ Condominium/Common Interest Subdivision (paragraph 13).~~

10. **BUYER'S INVESTIGATION OF PROPERTY CONDITION:** Except as provided in writing, this is an "AS IS" sale. Buyer's acceptance of the condition of the Property is a contingency of this Agreement. Buyer shall have the right to conduct inspections, investigations, tests, surveys, and other studies ("Inspections") at Buyer's expense. ~~Buyer shall, within 5 (or ☐ _____) days, complete those Inspections and notify Seller in writing of any items disapproved. See paragraph 14 for disapproval terms.~~ Buyer's inspection of the Property may include any geologic or soils testing, testing for other hazardous materials, including, but not limited to, asbestos, lead-based paint, and radon gas. Buyer accepts full responsibility for discovering whatever damage or problems may be present with the land or its improvements and any personal property included in the sale. Buyer is strongly advised to exercise these rights and to make Buyer's own selection of professionals with appropriate qualifications to conduct Inspections of the entire Property.

BUYER IS STRONGLY ADVISED TO INVESTIGATE THE CONDITION AND SUITABILITY OF ALL ASPECTS OF THE PROPERTY AND ALL MATTERS AFFECTING THE VALUE OR DESIRABILITY OF THE PROPERTY. IF BUYER DOES NOT EXERCISE THESE RIGHTS, BUYER IS ACTING AGAINST THE ADVICE OF BROKERS. BUYER UNDERSTANDS THAT ALTHOUGH CONDITIONS AND DEFECTS ARE OFTEN DIFFICULT TO LOCATE AND DISCOVER, ALL REAL PROPERTY AND IMPROVEMENTS CONTAIN DEFECTS AND CONDITIONS WHICH ARE NOT READILY APPARENT AND WHICH MAY AFFECT THE VALUE OR DESIRABILITY OF THE PROPERTY. BUYER AND SELLER ARE AWARE THAT BROKERS DO NOT GUARANTEE AND DO NOT ASSUME RESPONSIBILITY FOR THE CONDITION OF THE PROPERTY. BUYER IS ALSO AWARE BUYER HAS AN AFFIRMATIVE DUTY TO EXERCISE REASONABLE CARE TO PROTECT HIMSELF OR HERSELF, INCLUDING THOSE FACTS WHICH ARE KNOWN TO OR WITHIN THE DILIGENT ATTENTION AND OBSERVATION OF THE BUYER (Civil Code §2079.5). BROKERS HAVE NOT AND WILL NOT VERIFY ANY ITEMS, UNLESS OTHERWISE AGREED IN WRITING.

Seller shall make the Property available for all Inspections. Buyer shall keep the Property free and clear of liens; indemnify and hold Seller harmless from all liability, claims, demands, damages, and costs; and repair all damages arising from the Inspections. No Inspections may be made by any governmental building or zoning inspector or government employee without the prior written consent of Seller, unless required by local law. Buyer shall provide to Seller, at no cost, upon request of Seller, complete copies of all Inspection reports obtained by Buyer concerning the Property.

11. **TITLE; REVIEW OF A PRELIMINARY (TITLE) REPORT:** Title shall be subject to all liens, encumbrances, easements, covenants, conditions, restrictions, rights, and other matters shown in the preliminary (title) report, ~~except those disapproved, or~~ unless otherwise agreed in writing. Seller shall provide Buyer with a preliminary (title) report for the Property. ~~Buyer shall have 5 (or ☐ _____) days from receipt of this report to notify Seller in writing of Buyer's disapproval of any reasonably disapprovable items. See paragraph 14 for disapproval terms.~~

~~12. FINANCING CONTINGENCY ☐ The obtaining of financing is a contingency of this Agreement. Buyer shall, within 20 (or ☐ _____) days from the date of acceptance: obtain formal loan approval; remove the financing contingency; and provide Seller with written evidence of loan approval. If loan approval has not been obtained, the financing contingency has not been removed, or written evidence of loan approval has not been provided to Seller, Seller may cancel this Agreement and refund Buyer's deposit money, less applicable costs.~~

** Minimum overbid to be at least $10,000 is higher than original bid. Overbidder to match all terms & conditions of original bid.
If a successful overbid is accepted & confirmed by the court, then the successful overbidder to reimburse original bidder up to: $ _____
in costs incurred.  Proof of monies spent to be given to overbidder.

Buyer and Seller acknowledge receipt of copy of this page, which constitutes Page 2 of ___8___ Pages.
Buyer's Initials ( ___ ) ( ___ )   Seller's Initials ( WJ ) ( ___ )

┌─────────────────────────────────┐
│         OFFICE USE ONLY          │
│ Reviewed by Broker or Designee ___ │
│ Date _____                       │
└─────────────────────────────────┘

EQUAL HOUSING OPPORTUNITY

MB MAR 96

16

Property Address: _18162 BUENA VISTA_ Dated: _12/15/10_, 19___

~~13.~~ ~~CONDOMINIUM/COMMON INTEREST SUBDIVISION: If the Property is a unit in a condominium, planned development, or other common~~
interest subdivision:
   A.   The Property has _____ parking spaces assigned to it.
   B.   The current regular Homeowners' Association (HOA) dues/assessments are $_____, payable ☐ monthly or
        ☐ _____
   C.   Seller shall request within 5 (or ☐ _____) days, and provide to Buyer within 2 days of receipt, any known pending special assessments,
        claims, or litigation; copies of covenants, conditions, and restrictions; articles of incorporation; by-laws; other governing documents; most
        current financial statement distributed (Civil Code §1365); statement regarding limited enforceability of age restrictions, if applicable; current
        HOA statement showing any unpaid assessments (Civil Code §1368); any other documents required by law; and the most recent 12 months
        of HOA minutes, if available. Buyer shall, within 5 (or ☐ _____) days of receipt, provide written notice to Seller of any items disapproved.
        ~~Cost of obtaining these items shall be paid by Seller. See paragraph 14 for disapproval terms.~~
   D.   No warranty is made regarding compliance with any governing document or HOA requirements, unless otherwise agreed in writing.
   E.   Advance payment impounds, if any, shall be assigned and charged to Buyer and credited to Seller, or: ☐ _____

~~14.   REMOVAL OF CONTINGENCIES: (Check either A or B, do NOT check both.)~~
☐  A.   ACTIVE REMOVAL: If Buyer's written notice removing the above contingencies is not delivered to Seller within the contingency periods
         specified in paragraphs 10, 11, 12, and 13, Seller has the right to cancel this transaction. If Seller cancels, deposit money less applicable
         costs will be refunded to Buyer.

         OR

☐  B.   PASSIVE REMOVAL: If Buyer's written notice removing the above contingencies is not delivered to Seller within the contingency periods
         specified in paragraphs 10, 11, 12, and 13, Buyer shall conclusively be deemed to have: (a) completed all inspections, investigations, review
         of applicable documents and disclosures and removed all contingencies, including the contingency of obtaining loans if applicable; (b)
         elected to proceed with the transaction; and (c) assumed all liability, responsibility, and expense for repairs or corrections other than for
         items which Seller has agreed in writing to repair or correct.
   C.   If Seller is unwilling or unable to correct any item reasonably disapproved by Buyer, Buyer may cancel this transaction and have the deposit,
        ~~less applicable costs, refunded by delivering to Seller a notice of cancellation.~~

15.  **SELLER EXEMPTIONS:** Seller is exempt from providing Buyer with the following items which are applicable in many other residential sales.
     Buyer should conduct all inspections necessary to obtain the information covered by these items:
   A.   **Real Estate Transfer Disclosure Statement:** This sale is exempt from State real estate transfer disclosure requirements under California
        Civil Code §1102.2(b) for "transfers pursuant to court order" or §1102.2(d) for "transfers by a fiduciary in the course of the administration
        of a decedent's estate, guardianship, conservatorship, or trust." No such disclosure statement will be provided to Buyer by Seller.
   B.   **Mello-Roos District:** This sale is exempt from the obligation of Seller to obtain and deliver to Buyer a notice of whether the Property is
        subject to special tax pursuant to the Mello-Roos Community Facilities Act.
   C.   **Earthquake Safety:** This sale is exempt from the obligation of Seller to provide Buyer with a "Homeowner's Guide to Earthquake
        Safety" or "Commercial Property Owner's Guide to Earthquake Safety" booklet.
   D.   **Smoke Detector(s):** This sale is exempt from State requirements regarding smoke detectors. If required by local ordinance, smoke detector
        installation shall be performed at Buyer's expense and direction.

~~16.   OTHER PROPERTY DISCLOSURES: Seller should provide Buyer with other disclosures related to Property, if applicable and required by law.~~
     These may include, but are not limited to: disclosures related to the Property's location in a geologic or seismic hazard zone, a special flood
     hazard area, a state fire responsibility areas; compliance with any water heater bracing requirements; compliance with any other minimum mandatory
     government retrofit standards; and for residential property constructed prior to 1978, lead-based paint disclosure obligations.
17.  **AGENT'S DUTY TO INSPECT AND INFORM:** For sales of residential property containing one-to-four dwelling units, the agents representing
     Seller and Buyer have a duty to perform a diligent visual inspection of the reasonably accessible areas of the Property, and to inform Buyer of
     any material facts revealed by such inspection affecting the value or desirability of the Property. This may be done in a written report dated and
     signed by each agent and delivered to Buyer. Agent shall make every effort to do so within the time frame of Buyer's Investigation of Property
     Condition period (paragraph 10).
18.  **VESTING:** THE MANNER OF TAKING TITLE MAY HAVE SERIOUS LEGAL AND TAX CONSEQUENCES. Buyer intends to take title as follows:

19.  **ESCROW INSTRUCTIONS AND CLOSING PERIOD.** If court confirmation of the sale is NOT REQUIRED, escrow shall close within _____ days
     from acceptance of this offer. If court confirmation of the sale is REQUIRED, escrow shall close within 10 (or ☐ _____) days from Escrow Holder
     or Buyer's receipt of a copy of the court Order Confirming Sale. Seller shall not be obligated to sign escrow instructions or incur any escrow
     costs prior to court confirmation.
~~20.   FIXTURES: All EXISTING fixtures and fittings that are attached to the Property, or for which special openings have been made, are INCLUDED~~
     IN THE PURCHASE PRICE (unless excluded below), and shall be transferred free of liens. These include, but are not limited to, existing electrical,
     lighting, plumbing and heating fixtures, fireplace inserts, solar systems, built-in appliances, screens, awnings, shutters, window coverings, attached
     floor coverings, television antennas, satellite dishes and related equipment, private integrated telephone systems, air coolers/conditioners, pool/spa
     equipment, water softeners (if owned by Seller), security systems/alarms (if owned by Seller), garage door openers/remote controls, attached
     fireplace equipment, mailbox, in-ground landscaping including trees/shrubs. ITEMS EXCLUDED: _____

~~21.   PERSONAL PROPERTY: The following items of personal property, free of liens, in their present condition, and without warranty of condition~~
     or fitness for use, are included: _____

~~22.   MAINTENANCE OF PROPERTY. The property improvements and landscaping shall be maintained in the same general condition as of the~~
     ~~date of acceptance of the offer.~~
23.  **SELLER'S RIGHT TO CONTINUE TO MARKET:** Seller reserves the right to continue to market the Property and to accept back-up offers.
24.  **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All agreements between the parties are incorporated in this
     Agreement which constitutes the entire contract. Its terms are intended by the parties as a final, complete, and exclusive expression of their
     agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement.
     The captions in this Agreement are for convenience of reference only, and are not intended as part of this Agreement. **This Agreement may
     not be extended, amended, modified, altered, or changed in any respect whatsoever, except in writing signed by Buyer and Seller.**

Buyer and Seller acknowledge receipt of copy of this page, which constitutes Page 3 of __8__ Pages.
     Buyer's Initials ( )( )     Seller's Initials ( )( )

┌─────────── OFFICE USE ONLY ───────────┐
│ Reviewed by Broker or Designee _____ │
│ Date _____                           │
└────────────────────────────────────────┘

EQUAL HOUSING OPPORTUNITY

17

Property Address: _____ Dated: _12/15/10_____ , 19___

25. **OTHER TERMS:** The other terms incorporated into this Agreement are as follows: <u>Seller will not provide a Pest Control/Termite report nor pay for any corrective work. This offer is contingent upon Trustee approvals, Bankruptcy Court confirmation & overbid procedures. Subject property to be sold in it's "AS-IS" condition without any warranties, expressed or implied. Buyer has no contingencies in this transaction. (4 page addendum to purchase contract is hereby made a part</u> of this agreement

26. **AGENCY CONFIRMATION:** The following agency relationships are hereby confirmed for this transaction:

Listing Agent: <u>Prudential California Realty, Clarence Yoshikane</u> is the agent of (check one):
(Print Firm Name)

☒ the Seller exclusively; or ☐ both the Buyer and Seller.

Selling Agent: <u>Prudential California Realty    Michael Lavallee</u> (if not same as Listing Agent) is the agent of (check one):
(Print Firm Name)

☒ the Buyer exclusively; or ☐ the Seller exclusively; or ☐ both the Buyer and Seller.

Real Estate Brokers are not parties to the purchase and sale Agreement between Buyer and Seller. **(IF THE PROPERTY CONTAINS 1-4 RESIDENTIAL DWELLING UNITS, BUYER AND SELLER MUST ALSO BE GIVEN ONE OR MORE DISCLOSURES REGARDING REAL ESTATE AGENCY RELATIONSHIPS (C.A.R. Form AD-14).)**

27. **CONTRACT PROVISIONS BINDING ON BUYERS:** If this offer is made by more than one person, its provisions shall bind and inure to the benefit of each and all of the undersigned Buyers.

28. **OFFER:** This is an offer to purchase the Property. Unless acceptance is signed by Seller and a signed copy delivered in person, by mail, or facsimile, and personally received by Buyer or by <u>MICHAEL LAVALLEE</u>, who is authorized to receive it, by _____, 19___, at _____ AM/PM, the offer shall be deemed revoked and the deposit shall be returned. Buyer and Seller acknowledge that Brokers are not parties to the purchase and sale Agreement. Buyer has read and acknowledges receipt of a copy of the offer and agrees to the above confirmation of agency relationships. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum, or modification, including any photocopy or facsimile, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

✗ BUYER _____         BUYER _____

### ACCEPTANCE BY REPRESENTATIVE

The undersigned, representative of _____, accepts (☐ subject to the attached Counter Offer) the foregoing bid (offer) by Buyer(s) as purchaser of all the rights, title, interest, and estate in the real property being sold on the above terms and conditions. Commissions shall be paid to Brokers as described herein, or in the event of court confirmation of the sale, as allowed by the court. The undersigned further acknowledges receipt of a check as a deposit in the amount of $_____.

Date _12/6/10_____

By _____  Chapter 7 Trustee    By _____

Representative(s) of _____

### ACKNOWLEDGMENT OF RECEIPT

Receipt of signed acceptance on (date) _____ at _____ AM/PM, by Buyer, or _____,
Buyer's Designated Representative, is acknowledged. (_____/_____) (Initials)

### BROKER ACCEPTANCE; BROKER COMMISSIONS

The listing Broker is <u>Prudential California Realty</u>  3% , (firm name),
and is represented by <u>Clarence Yoshikane</u>  3% (agent).
The selling Broker is <u>PRUDENTIAL CALIF REALTY</u>  3% , (firm name),
and is represented by <u>MICHAEL LAVALLEE   BROKER 00671856</u> (agent).
The total real estate brokerage commission is ( __% of the sale price, or $ SIX PT XX% , and unless otherwise agreed, shall be divided equally by Brokers referenced above. If court confirmation of the sale is required, the court will determine the commission amount. Commissions awarded vary from county to county. Commissions are payable by Seller only if the sale closes. Seller is not liable for a commission to any agent or broker who is directly or indirectly a purchaser of the property, or has an interest in the purchaser.

**COMMISSION IN EVENT OF AN OVERBID BY ANOTHER BROKER:** In the event court confirmation of the sale is required, the original selling Broker identified above agrees to waive all commission rights in the event of a successful overbid in court by a different buyer represented by another broker. Original Selling Agent's Acknowledgment (_____)    **Listing Agent's Acknowledgment** ✗

Listing Broker Acceptance:    Date _12-15-10___    Selling Broker Acceptance:    Date _____

Firm <u>Prudential California Realty</u>    Firm _____

By <u>Clarence Yoshikane</u> , (agent)    By _____ , (agent)

(949) 714 606 5765

This form is available for use by the entire real estate industry. The use of this form is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

┌─ OFFICE USE ONLY ─┐
Reviewed by Broker or Designee _____
Date _____

Page 4 of 8 Pages.
**BROKER'S COPY**
BID FOR PURCHASE OF REAL PROPERTY (PBP-14 PAGE 4 OF 4)

18

## ADDENDUM TO PURCHASE AGREEMENT

This Addendum to Purchase Agreement (hereinafter called "Agreement") is entered into on this __15__ day of __December__, 2010, by and between __Boon Hou Yee__, (hereinafter "Buyer") and **James J. Joseph**, as Chapter 7 Trustee for the estate of: **Bruce W. Fissette, Case No. SA 8:09-bk-14743ES** (hereinafter called "Seller" or "Trustee") pursuant to the terms and conditions as follows:

### RECITALS  ~was ??

WHEREAS: The Debtor in the bankruptcy proceeding entitled **Bruce W. Fissette, Case No. SA 8:09-bk-14743ES,** is the owner of record of certain real property commonly known as: **18162 Buena Vista, Yorba Linda CA 92886; AP # 343-291-07,** (Hereinafter the "Subject Property").

WHEREAS: On **May 20, 2009,** the Debtor filed a petition seeking relief pursuant to Chapter 7 of Title 11, of the United States Bankruptcy Code.

WHEREAS: As a result of the filing of the Chapter 7 petition, **James J. Joseph**, was appointed as the Trustee to administer the assets of the bankruptcy estate, one of which was the Debtor's interest in the Subject Property.

WHEREAS: Pursuant to 11 U.S.C. Section 363, **James J. Joseph**, Chapter 7 Trustee and/or his attorneys will seek a Court Order authorizing the sale of the Subject Property.

**NOW THEREFORE, THE PARTIES HEREBY AGREE AS FOLLOWS:**

### CONDITIONS OF SALE

1.    Court Approval: Seller agrees to proceed in good faith to obtain Court approval for the sale of property located at **18162 Buena Vista, Yorba Linda CA 92886; AP # 343-291-07,** contemplated herein, within a reasonable time period after said offer.

2.    Broker's Compensation: Brokers and Agents are entitled to compensation only upon recordation of a deed or other evidence of title.

C:\DOCUMENTS AND SETTINGS\MLS 2\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.IE5\VYZ5TV3R\BK_SALE_ADDENDUM_FISSETTE_JOSEPH[1].DOC

19

3.    <u>No Assignment:</u> This agreement is between Buyer and Seller.  Buyer shall have no right to assign the Escrow, this agreement, or transfer the Subject Property concurrent with closing without consent of Seller.

4.    <u>Title Insurance:</u> The title insurance policy shall be subject only to liens, encumbrances, clouds and other matters as may appear on the preliminary title report, that are not to be removed at the close of Escrow, and have not been objected to by Buyer.  Should Seller be unwilling or unable to eliminate those title matters disapproved by Buyer as above, the Seller may terminate this Agreement or; should Seller fail to deliver good and marketable title as provided above, Seller or Buyer may terminate this Agreement.  In either case, the Buyer's deposit shall be returned to Buyer, and Buyer shall have no recourse against Seller, **James J. Joseph**, as Bankruptcy Trustee, individually, or the **Law Offices of Danning, Gill, Diamond & Kollitz, LLP, the bankruptcy estate of:** <u>**Bruce W. Fissette, Case No. SA 8:09-bk-14743ES**</u>, or the Debtor, or any real estate agent, broker or attorney involved in this transaction.

5.    <u>Limitations of Sale:</u> The parties acknowledge that the operation of the law has placed the Bankruptcy Trustee in a unique role as the Seller of the Subject Property, which is the subject of this agreement.  Due to the nature of the Trustee's role in administering the bankruptcy estate, there are limitations as to the extent, type and character of the agreement under which the Trustee can convey the Subject Property. The Trustee proposes to sell this asset subject to certain limitations. The parties hereby acknowledge that they understand the terms under which this Subject Property is to be conveyed may vary substantially from the normal customs and trade within the real estate industry.  Except where expressly mandated by operation of law, the Buyer consents to any such modifications and amendments.

6.    <u>Purchase without Warranties:</u> Buyers acknowledge that they are purchasing the Subject Property from the Seller "AS IS" without warranties of any kind, expressed or implied, being given by the Seller, concerning the condition of the property or the quality of the title thereto, or any other matters relating to the Property.  Buyer represents and warrants that they are purchasing the Subject Property as a result of their own investigations and are not buying the Subject Property pursuant to any representation made by any Broker, Agent, Accountant, Attorney or Employee acting at the direction, or on the behalf of the Seller.  Buyers acknowledge that Buyers have inspected the Subject Property, and upon closing of Escrow governed by this Agreement, Buyer forever waives, for himself, his heirs, successors and assigns, any and all claims against the Debtors, their attorneys, agents and employees, the bankruptcy estate of: <u>**Bruce W. Fissette, Case No. SA 8:09-bk-14743ES,**</u> James J. Joseph, as Bankruptcy Trustee and individually, and his Attorneys, Agents and Employees, arising or which might otherwise arise in the future concerning the Subject Property.

C:\DOCUMENTS AND SETTINGS\MLS 2\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.IE5\VYZS7VJZ\BK_SALE_ADDENDUM_FISSETTE_JOSEPH[1].DOC

20

7.    <u>Trustee's Liability</u>: Buyer acknowledges that the Trustee is acting in her official capacity only.  No personal liability shall be sought or enforced against the Trustee with regard to this Agreement, including the Addendum, the assets, the sale of the Subject Property, or the physical condition of the Subject Property.  In the event that the Trustee fails or refuses to complete the transaction for any reason, then the limit of the Trustee's liability is only to return any money paid to the Trustee by the Buyer, without deduction. Prior to and after the closing of escrow, the United States Bankruptcy Court shall have and retain the sole and exclusive jurisdiction over the Assets of this transaction and Agreement; and all disputes arising before and after closing shall be resolved in said Court.

8.    <u>Hold Harmless</u>:

(a) Buyer understands the terms and conditions of the entire purchase contract and holds the Estate and the realtors, brokers, agents, **James J. Joseph**, and the **Law Offices of Danning, Gill, Diamond & Kollitz, LLP,** his attorneys, agents and employees harmless from any liabilities arising from this contract.

(b) All parties hereto further agree, jointly and severally, to pay on demand as well as to indemnify and hold Escrow harmless from and against all costs, damages, judgments, attorneys' fees, expenses, obligations and liabilities of any kind or nature which in good faith, Escrow may incur or sustain in connection with or arising out of this Escrow and Escrow is hereby given a lien upon all the rights, titles and interest of each of the undersigned in all escrow papers and other property and monies deposited in this escrow, to protect the rights of escrow and to indemnify and reimburse Escrow under this Agreement.  In the event this Escrow is not completed for any reason, Escrow is authorized to deduct and pay its fee, plus costs incurred from any funds on deposit.

9.    Any and all disputes, which involve in any manner the Bankruptcy Estate or **James J. Joseph**, arising from this Purchase Contract, this Addendum or relating in any manner to the Subject Property, shall be resolved only in the United States Bankruptcy Court, Central District of California, Santa Ana Division.

10.   **Seller will not provide a pest control report nor pay for any corrective work; nor shall Buyer receive any credit for corrective work.**

11.   **Buyer is aware that this offer is contingent upon Chapter 7 Bankruptcy Trustee approval, Bankruptcy Court confirmation & overbid procedures.**

12.   **Buyer has <u>NO CONTINGENCIES</u> in this transaction; including but not limited to the contingency of obtaining financing & appraisal, inspections, etc.**

**<u>Deposit is refundable only if Bankruptcy Court accepts overbid</u>, or as**

C:\DOCUMENTS AND SETTINGS\WJ.S 7\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.IE5\VYZS7V8\KWIK_SALE_ADDENDUM_FESETTE_JOSEPH[1].DOC

21

Dec 17 10 08:00p        kevin                                                      p.4
From:PRU CA REALTY YORBA LINDA        714 524 4150          12/20/2010  12:33    #235 P.009/010

otherwise provided for in Paragraph 7 above.

$19,800 ≈

13.    In addition to the $20,000 deposit, Buyer will deposit the additional sum of $178,200 (Balance of purchase price) into escrow on or before the close of escrow.

I, the Buyer herein, have reviewed the foregoing Agreement and understand the terms and conditions set forth herein, and further agree to purchase the Subject Property pursuant to said terms and conditions.

Dated:    12/15/10    X _____

_____ , Buyer

Dated:    _____

_____ , Buyer

I, Seller, agree to sell the Subject Property pursuant to the terms and conditions set forth herein.

Dated:    12/16/10    _____

James J. Joseph, in his sole capacity as Bankruptcy Trustee for the Estate of: Bruce W. Fissette, Case No. SA 8:09-bk-14743ES, and not in his individual capacity or as a member of the Law Offices of Danning, Gill, Diamond & Kollitz, LLP

Dated:    12/17/10    _____

Clarence Yoshikane, Trustee's Agent
Prudential California Realty
2405 McCabe Way, Suite 100
Irvine, CA 92614 USA
714.666.5765, Direct Line
clarence.yoshikane@gmail.com

Dated:    12/15/10    _____

_____ , Buyer's Agent

22

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904

A true and correct copy of the foregoing document described as **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING: (1) SALE OF REAL PROPERTY (18162 BUENA VISTA AVENUE, YORBA LINDA, CALIFORNIA, APN 343-291-07); (2) OVERBID PROCEDURE; (3) FOR COMPENSATION OF REAL ESTATE AGENT; (4) DISTRIBUTION OF SALE PROCEEDS; AND (5) FOR GOOD FAITH FINDING; DECLARATION OF JAMES J. JOSEPH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 28, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On December 28, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/28/10 | Beverly Lew | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
363205.01 [XP] 0914743S

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I.**    <u>BY NOTICE OF ELECTRONIC FILING ("NEF")</u>

James J Joseph    KValbuena@dgdk.com, jjoseph@ecf.epiqsystems.com
Matthew F Kennedy    mkennedy@dgdk.com
Christopher J Langley    clangley@cookseylaw.com
Gary Leibowitz    attorneygary@gmail.com
Bruce G Schweitzer    brucebbi@sbcglobal.net
Ramesh Singh    claims@recoverycorp.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**II.**    <u>BY U.S. MAIL</u>

The Hon. Erithe A. Smith, U. S. Bankruptcy Court, 411 W. Fourth Street, Suite 5041, Santa Ana, CA 92701
Bruce W Fissette, 1809 W Bay Ave, Newport Beach, CA 92663
Clarence Yoshikane, 2405 McCabe Way, #100, Irvine, CA 92614
Michael Lavallee, Prudential California Realty, 22800 Savi Ranch Pkwy, Yorba Linda, CA 92887

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central
District of California.

*August 2010*

363205.01 [XP] 0914743S

**F 9013-3.1.PROOF.SERVICE**